## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONE LAMANDINGO KNOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-0091-F |
| | ) | |
| MIKE CARPENTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction and related administrative segregation. [Doc. No. 1]. United States District Judge Stephen P. Friot has referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases in the United States District Courts,[1] the Court has promptly examined the habeas petition and recommends that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## I.    Background

Petitioner is housed at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. *See* Pet. at 1. Liberally construed, the Petition alleges that OSP officials falsely charged and convicted Petitioner of possessing a cellphone and placed him in administrative segregation without due process. *See id.*, *passim*.

---

[1] District courts must promptly review habeas petitions and, when appropriate, "take [what] action the judge may order." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The Court may apply Rule 4 to cases rising under 28 U.S.C. § 2241. *See Brennan v. United States*, 646 F. App'x 662, 664-65 & n.5 (10th Cir. 2016); *see also* Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition [filed under a statute other than Section 2254].").

II.    **Analysis**

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000); *see also, Lawrence v. Oliver*, 602 F. App'x 684, 686 (10th Cir. 2015) (noting that the district court had transferred the petition because a § 2241 petition must be filed where the prisoner is confined). Here, Petitioner is confined at OSP, which the Court judicially notices lies within Pittsburg County, Oklahoma. Pittsburg County is within the territorial jurisdiction of the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Consequently, this Court lacks jurisdiction over the Petition.

However, "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court transfer such an action 'if the transfer is in the interest of justice.'" *Haugh*, 210 F.3d at 1150 (citation omitted); *see also Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006) ("Although . . . § 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." (citation omitted)).

Under these circumstances, the Court recommends transfer of this action to the Eastern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." 28 U.S.C. § 2241(d); *see also Knox v. Workman*, No. CIV-12-513-W, 2012 WL 1952253, at *1 (W.D. Okla. May 8, 2012) (unpublished report and recommendation) (recommending Petitioner's § 2241 petition, challenging a disciplinary conviction at OSP, be transferred to the Eastern District of Oklahoma), *adopted*, 2012 WL 1952632 (W.D. Okla. May 30, 2012) (unpublished district court order).

## RECOMMENDATION

For the reasons set forth above, it is recommended that the Court transfer the Petition, with all pleadings filed in this Court, to the United States District Court for the Eastern District of Oklahoma.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed by February 26, 2019.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the District Judge's referral in this matter.

ENTERED this 5th day of February, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE