# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| ANTONE LAMANDINGO KNOX, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. CIV 19-052-RAW-KEW |
| TOMMY SHARP, Warden, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma.

A § 2241 habeas corpus petition attacks the execution of a sentence rather than its validity. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). Petitioner, however, does not claim his conviction resulted in a loss of earned credits. Further, he has failed to provide any details, arguments, or authority demonstrating how the administration of his prison sentence is violating his constitutional rights.

The petition is very difficult to read and understand, and Petitioner has submitted only sketchy information about his grounds for habeas relief. Construing the petition liberally, Petitioner is alleging he was issued a false misconduct for possession of a cellphone. He has attached a copy of an offense report dated February 5, 2018, for an "X-20" offense for cell phone possession (Dkt. 1-3 at 4-5). A misconduct appeal review form dated March 28, 2018,

dismissed the offense (Dkt. 1-3 at 3).

Respondent alleges in his response to the petition that although the offense for possession of a cell phone was dismissed, Petitioner has not exhausted the administrative or state court remedies for his claim (Dkt. 24). Mark Knutson, DOC Manager of the Administrative Review Authority (ARA) states by affidavit that a review of the inmate/offender records for Petitioner shows he has not filed a grievance or an appeal to the ARA regarding a misconduct for Offense Code X-20 or for being incarcerated in violation of his constitutional rights (Dkt. 24-2).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In a federal habeas corpus action, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)). It is unclear, however, whether further exhaustion of Petitioner's dismissed offense is appropriate or possible.

Respondent also alleges Petitioner is not in custody in violation of the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 2241(c)(3). Petitioner

argues he is being "illegally restrained" but fails to demonstrate how his sentence is being executed in an unconstitutional manner. Further, the misconduct at issue was dismissed, and no disciplinary action was taken. Because the misconduct did not affect the execution of his sentence, habeas relief on this claim cannot be granted.

To the extent Petitioner is complaining about his medications, injuries resulting from a stabbing, program participation, legal research assistance, free speech, equal protection, and his placement in the disciplinary unit or H-Unit, these claims are not appropriate for a habeas corpus action. Instead, such claims must be presented in a civil rights complaint pursuant to 42 U.S.C. § 1983. Because his claims concerning the handling of his grievances apparently do not concern the cell phone misconduct, these claims also are not appropriate in this case.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DISMISSED, and Petitioner is DENIED a certificate of appealability. All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 30th day of March 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma